# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>BENJAMIN MASIEL,<br><br>    Defendant. | Case No. 5:22-CR-00262-JLS<br><br>**ORDER GRANTING MOTION TO STRIKE (DOC. 61)**<br><br>**ORDER STRIKING § 924(e) ENHANCEMENT FROM THE INDICTMENT** |

This matter is before the Court after the filing of a Joint Status Report by the parties (Doc. 79). Previously, the Court held in abeyance Defendant's Motion to Strike a portion of the Indictment pending an en banc ruling, and the Status Report advises that the Ninth Circuit has ruled and the matter is now appropriate for decision. As set forth below, the Court GRANTS Defendant's Motion to Strike. (Doc. 61.)

Defendant is charged with a violation of 18 U.S.C. § 922(g)(1) for possession of a firearm and ammunition after having been convicted of a felony. (*See* Indictment, Doc. 7.) He has moved to strike a portion of the Indictment that set forth allegations that operate as the sentencing enhancement that is set forth at 18 U.S.C. § 924(e)(2)(B). (*See id.* at 4-5; *see generally* Mot., Doc. 61.) Specifically, § 924(e)(2)(B) imposes a mandatory minimum sentence of imprisonment of fifteen years for a person who is convicted of a violation of § 922(g) when that person was

previously convicted of three "violent felon[ies]" (that occurred on three separate occasions). Relevant here, one of the three previous convictions for "violent felon[ies]" alleged in the Indictment is a conviction for assault by means of force likely to produce great bodily injury (in violation of California Penal Code § 245(a)(1)).  (Indictment, Doc. 7 at 4.)

In September 2024, the Ninth Circuit in *United States v. Gomez* held that, under the relevant legal standard, a § 245(a)(1) conviction falls outside the definition of the term "crime of violence" used in a similar sentencing enhancement found in United States Sentencing Guideline § 4B1.1.[1]  *United States v. Gomez*, 115 F.4th 987, 990 (9th Cir. 2024) (panel decision), *reh'g en banc granted, opinion vacated*, 133 F.4th 1083 (9th Cir. 2025), *on reh'g en banc*, 2026 WL 90274 (9th Cir. Jan. 13, 2026).  On the basis of the panel decision, Defendant moved to strike the § 924(e)(2)(B) enhancement.  However, on the Government's Motion, the Court held the Motion to Strike in abeyance pending a ruling by the Ninth Circuit as to a then-pending petition for rehearing en banc.  (*See* Gov. Mot. to Hold Mot. to Strike in Abeyance, Doc. 64.)  The Court granted the Government's Motion.  (Order Granting Motion to Hold in Abeyance, Doc. 69 (Feb. 25, 2025.)

Since that time, on rehearing en banc, the Ninth Circuit ruled in accordance with the panel decision, holding that a California Penal Code § 245(a)(1) conviction is not a "crime of violence" when analyzed pursuant to the elements-based categorical approach.  *See Gomez*, 2026 WL 90274 at *6-7.  The en banc *Gomez* opinion explains that its holding is compelled by the Supreme Court's opinion *Borden v. United States*, 593 U.S. 420 (2021), which held that for a predicate state-law crime to satisfy the elements of a "crime of violence," that predicate must "require uses of force with a mens rea more culpable than recklessness."  *See Gomez*, 2026 WL 90274 at *5-6 (relying upon *Borden*'s four-justice plurality opinion and Justice Thomas's concurring opinion).

---

[1] Specifically, at issue in *Gomez* was the United States Sentencing Guidelines "career offender" enhancement (set forth in USSG § 4B1.1) rather than the § 924(e)(1) enhancement, which is part of the statutory Armed Career Criminal Act ("ACCA").  In relevant respects, § 4B1.1 operates as a functional equivalent of the provision at issue here.  *See Gomez*, 115 F.4th at 990 (panel decision); (*see also* Gov. Mot. to Hold Mot. to Strike in Abeyance, Doc. 64 at 4 n.2 (effectively conceding this point)).

The *Gomez* en banc decision therefore acknowledges that *Borden* required that it overrule Ninth Circuit precedent holding that § 245(a)(1) fell within the definition of "crime of violence." *Id.* at 7 ("Accordingly, we overrule our pre-*Borden* decisions holding that a conviction under Section 245(a)(1) is a crime of violence under Section 4B1.1(a).").

Based upon the en banc decision, the Government has effectively withdrawn its Opposition to the Motion to Strike. (*See* Jt. Status Rep., Doc. 79 at 2-3 ("In light of [the *Gomez* en banc] ruling, the Government no longer opposes Mr. Masiel's previously filed Motion to Strike.").) Jointly, the parties request the Court rule on the pending Motion to Strike. Accordingly, in the absence of opposition from the Government, and in light of the *Gomez* en banc decision, the Court hereby GRANTS the Motion to Strike, and STRIKES the portion of the Indictment relating to the § 924(e)(2)(B) enhancement. (*See* Indictment, Doc. 7 at 4:17-5:6.)

Pursuant to a previously filed Stipulation of the parties (Doc. 77), adopted by the Court on December 12, 2025 (Doc. 78), the matter is set for trial on July 21, 2026. Two outstanding Motions in Limine (Docs. 48-49) are set for hearing at the pretrial status conference, July 10, 2026, at 8:30.

**IT IS SO ORDERED.**

DATED: January 27, 2026

_____
HON. JOSEPHINE L. STATON
United States District Judge